IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC **FILED**
MAY 0 3 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| WILLIAM WOLDMAN, TERRENCE J. HANCOCK, DALE BOLT, JOHN LISNER, MICHAEL RICHARDSON, BRAD WEBB, DON PEDDER and JAMES BUIK as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, GARAGE ATTENDANTS, LINEN & LAUNDRY HEALTH & WELFARE FUND, | ) ) ) ) ) ) ) ) ) |
| | **05C 2639** |
| | ) Case No. |
| and | ) ) Judge: |
| WILLIAM WOLDMAN, TERRENCE J. HANCOCK, ANTHONY AVALOS, PETER J. BOLT, Sr., DONALD SWIERINGA and BRAD WEBB as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, PRIVATE SCAVENGERS &GARAGE ATTENDANTS PENSION TRUST FUND, | ) ) ) **JUDGE BUCKLO** ) ) ) **MAGISTRATE JUDGE NOLAN** ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| NAVAJO TRANSFER, INC., | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs, WILLIAM WOLDMAN, TERRENCE J. HANCOCK, JOHN LISNER, DALE

J. BOLT, DON PEDDER, BRAD WEBB, JAMES BUIK, and MICHAEL RICHARDSON, as

Trustees of LOCAL No. 731, I. B. of T., GARAGE ATTENDANTS, LINEN & LAUNDRY

HEALTH & WELFARE FUND ("Welfare Fund") and WILLIAM WOLDMAN, TERRENCE J.

HANCOCK, ANTHONY AVALOS, PETER J. BOLT, Sr., DONALD SWIERENGA and BRAD

WEBB, as Trustees of LOCAL No. 731, I. B. of T. PRIVATE SCAVENGERS AND GARAGE

ATTENDANTS PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their

attorneys, Dowd, Bloch & Bennett, by way of their complaint against NAVAJO TRANSFER, INC.,

state as follows:

## COUNT ONE

## FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS

1.      The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and

3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.

§1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this

district.

2.      Defendant, NAVAJO TRANSFER, INC., (herein "Company"), is an Illinois

corporation registered to do business in Illinois.    The Company does business within this District

and is an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5), and Section

301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a).

3.      Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and

(2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

4.      The Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom

Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I. B. of T. ("Local No.

731") is a labor organization within the meaning of 29 U.S.C. §185(a).   Local No. 731 and the

Company are now and at all relevant times have been parties to successive collective bargaining

agreements (herein "Agreement") which obligate the Company to make monthly contributions on

behalf of its employees covered by the Agreement for health-welfare and pension benefits, and to

submit monthly remittance reports in which the Company, *inter alia*, identifies the employees

covered under the agreement and the amount of contributions to the Funds remitted on behalf of each

2

covered employee.

5.      Notwithstanding its obligations under the collective bargaining agreements, the Company has failed to correctly report, and pay contributions owed to the Funds for December 2004 through the present, thereby depriving the Funds of contributions, income and information needed to administer the Funds, and jeopardizing the health & welfare and pension benefits of participants and beneficiaries.

6.      Despite demand duly made, the Company has not paid the required contributions or other sums due.

7.      All conditions precedent to requiring contributions and reports to the Funds have been met.

8.      The Company's failure to make timely reports and contributions violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

9.      Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' governing documents, the Company is liable to the Funds for unpaid contributions, interest at the rate of 1% compounded monthly, liquidated damages in the amount of 20% , auditor's fees, and reasonable attorneys' fees and court costs.

10.     Based upon the reports submitted by the Company and the information provided in those reports, the Company as of the date of the filing of this lawsuit owes to the Welfare Fund for the delinquent period a total of $11,863.39 excluding attorney's fees and court costs, calculated as follows:

Delinquent Contributions (12/04-3/05):     $9,734.20

Interest (compounded at 1% monthly):      $   182.35

Liquidated Damages (20%):          $ 1,946.84

11.    Based upon the reports previously submitted by the Company and the information provided in those reports, the Company as of the date of the filing of this lawsuit owes to the Pension Fund for the delinquent period a total of $1,574.60, excluding attorney's fees and court costs, calculated as follows:

Delinquent Contributions(12/04-3/05):    $1,292.00

Interest (compounded at 1% monthly):    $   24.20

Liquidated Damages (20%):    $  258.40

12.    The Company's obligation under the Agreement is continuing, and for each month the Company continues to be delinquent after the filing of this suit, contributions in addition to those set forth above will be due and owing to the Funds and additional interest computed at the rate of one per cent (1%) compounded monthly on the amounts owed and liquidated damages of 20% on subsequent delinquent contributions will be due and owing until payment is made.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request a judgment against the Company as follows:

1.    Finding that NAVAJO TRANSFER, INC., violated the Agreement;

2.    Finding that NAVAJO TRANSFER, INC., is liable to the Funds for the delinquent contributions to date, interest, liquidated damages and attorneys' fees and court costs;

3.    Ordering the Company to pay to Plaintiffs all delinquent contributions to date, all accrued delinquencies after the filing of this suit, interest, liquidated damages and auditor's fees;

4.    Ordering the Company to file with the Funds monthly contribution reports listing the employees, hours worked and contributions due to each Fund and further providing all information as required by the

rules of the Funds;

5. Ordering the Company to pay to Plaintiffs all court costs and reasonable attorneys' fees incurred for filing this suit; and

6. Granting all such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

Michele M. Reynolds
One of Plaintiffs' Attorneys

J. Peter Dowd
Robert M. Bloch
Michele M. Reynolds
Justin L. Lannoye
**DOWD, BLOCH & BENNETT**
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361

5